SCHULTZ, Administrator, Respondent, vs. BECKER, Appellant.

*January 11—January 31, 1911.*

*Appeal: Former decision: Law of the case: Same evidence on second trial.*

The decision of the supreme court on appeal that there was no question for the jury on the first trial of the case is the law of the case upon a second trial and appeal, if the evidence was substantially to the same effect, even though on such second trial there was a greater quantity of evidence.

APPEAL from a judgment of the circuit court for Winnebago county: GEO. W. BURNELL, Circuit Judge. *Affirmed.*

This is an action of conversion brought by the plaintiff as administrator of the estate of one Mary Becker to recover the value of bank certificates of deposit amounting to $1,200 which were the property of the deceased. The defendant claims title by virtue of a completed gift made just prior to Mary Becker's death. The case was here once upon appeal from a former judgment and is reported in 131 Wis. 235, 110 N. W. 214, where a statement of the leading facts will be found. As originally brought the action included a quantity of household furniture, and the trial court upon the first trial directed a verdict for the plaintiff as to all the property in dispute. Upon the former appeal this court held in effect that the court's ruling was correct as to the bank certificates, but that there was a jury question as to whether there had

been any conversion of the household furniture, and the case was sent back for retrial. Before the new trial took place the plaintiff abandoned all claim to recover for the household furniture, and the only question at issue upon the second trial was as to the bank certificates. The jury in response to special questions found in substance that after the making of the writing of gift, quoted at length upon the former appeal at pages 237 and 238, Mary Becker was informed by the scrivener that it was not valid and that it was abandoned and that a new method of transferring title by actual delivery of the certificates was undertaken. The court, however, upon motion set aside this finding and rendered judgment for the plaintiff on the ground that the testimony was substantially the same as upon the former trial and hence that the former judgment in this court settled the question of the validity of the alleged gift against the defendant. From this judgment the appeal is taken.

For the appellant there was a brief by *Humphrey Pierce* and *Francis S. Bradford,* and oral argument by *Mr. Pierce.*

*Albert H. Krugmeier* and *A. M. Spencer,* for the respondent.

WINSLOW, C. J. There is really but one question which it is necessary to consider in this case and that is whether there are any material facts testified to upon this trial which were not testified to upon the former trial. The trial judge found none, and after extended examination of the evidence upon both trials we think his conclusion was correct. Upon the first trial the defendant himself gave a very extended and circumstantial account of the entire transaction, beginning with the sending for Lockschmidt, the scrivener. He testified as to the conversations regarding the advisability of the making of a will, the directions given by Mary as to the kind of a paper she wished, the drafting of the paper referred to in the foregoing statement of facts, and then that a talk took place be-

tween him and Lockschmidt as to the best manner of transferring the bank certificates.    Concerning this subject he testified on the former trial as follows: "Then I and Lockschmidt had a talk about that [the bank certificates], how that could be done, and we came to a conclusion; some one said, whether I or he, it would be the shortest way that she should sign and give them up and it was done so."    He then detailed at length the circumstances of Mary's calling for the basket which was under the bed, undoing the bundle, making her mark on the certificates, asking for and obtaining the note of the defendant (printed upon the former appeal as Exhibit 3 on page 238), and finally the manual delivery to him of the certificates themselves.

Turning to the defendant's testimony upon the present trial, we find all these circumstances detailed in substantially the same way.    It seems to us that it cannot be reasonably claimed that any difference exists between the two accounts, except possibly in one particular.    Upon the first trial he testified, as before stated, that when the transfer of the bank certificates came up for consideration he and Lockschmidt "had a talk about that, how that could be done," and the conclusion reached was that she should sign and give them up at once. Upon the second trial he testified that when the transfer of the bank certificates came up he and Lockschmidt had some conversation and Lockschmidt said, "The writing is no good," and Mary said, "How will you fix it that it is good?" and after some further conversation between himself and Lockschmidt the latter said that if she (Mary) "was willing to give you the property she can give it to you now."    Then follows the account of the getting of the certificates from the basket, the indorsement, the taking of defendant's note, and the manual delivery of the certificates to defendant, substantially as before.

We do not regard the difference in the two accounts of the conversation preceding the alleged delivery of the certificates as

of importance enough to differentiate them materially.    On the former trial, as on this, the scrivener testified that he advised against the making of any such paper and that a paper of that kind would not amount to anything.    If there be evidence now to justify a finding that the paper writing was discarded and manual delivery of the certificates substituted in its place (a point which seems to us very doubtful), we think it clear that there was such evidence upon the former trial, and hence that the decision then made by this court is controlling now.    It is very significant in this connection that this exact claim was made by appellant upon the motion for rehearing filed after the decision upon the former appeal.    In that brief it was said: "It is claimed that this writing was disregarded and superseded by Mary, and that by an independent action on her part she made an actual delivery of the certificates of deposit unconditionally."    It seems to be the fact, as appellant claims, that the witness Lydia Schottler detailed upon the present trial certain language used by Lockschmidt which was substantially different from that given in her testimony before and which might afford some foundation for the claim that there was an abandonment of the paper writing. This, however, does not change the situation: the *quantum* of the evidence is not the test upon the question whether a verdict should or should not be directed.    If there was substantial evidence on the first trial to the same effect as the evidence upon the second trial, the decision that there was no jury question on the first trial is *res adjudicata* upon the second trial, even though there be a greater quantity of evidence on the second trial.

*By the Court.*—Judgment affirmed.